IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUL 15 2005

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

ZACHARY WILLIAMS #26892-037,
        Petitioner,

V.

FREDERICK MENIFEE and
THE ATTORNEY GENERAL OF
THE STATE OF MARYLAND,
        Respondent.

CIVIL ACTION NO.: _CCB-00-3504

## MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6)

**COMES NOW** Zachary Williams (hereinafter Petitioner) filing in the capacity of a pro se litigant. Petitioner moves this Honorable Court to entertain and take judicial notion of this motion, which has a strikingly similar factual orientation to the recent United Stated Supreme Court decision handed down on June 23, 2005, in Gonzalez v. Crosby, Secretary, Florida Department of Corrections, (No. 04-6432).

The petitioner's 28 U.S.C. § 2254 was denied by this Court based upon its untimeliness in light of Artuz v. Bennett, 121 S. Ct. 361 (2000); see Exhibits 1-4.

The United States Supreme Court's interpretation and application of Artuz, supra; cited in both the majority and dissenting opinions in Gonzalez, supra; clearly appear to now favor the postion advanced by the petitioner in his § 2254 for equitable tolling.

### JURISDICTION

The Gonzalez Court held that "Rule 60(b)(6), the particular



provision under which petitioner brought his motion, permits reopening when the movant shows "any . . . reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rule 60(b)(1)-(5). See <u>Lijeberg v. Health Services Acquisition Corp</u>., 486 U.S. 847, 863, n. 11 (1988); <u>Klapparott v. United States</u>, 335 U.S. 601, 613 (1949)(opinion of Black, J.). Id. at Slip Opinion 3-4.

<u>PROCEDURAL HISTORY</u>

1.    October 8, 1996, petitioner placed 3-copies of a application for Maryland state post-conviction relief in the inmate legal mail box (to Baltimore Circuit Court) at U.S.P. Lompoc, California (Petitioner acknowledge that from April 24, 1996, until the filing of his state post-conviction motion that 165 days were tolled against the one-year limitation period.).

2.    July 7, 1999, the Baltimore Circuit Court denied the petitioner's state post-conviction.

3.    July 28, 1999, petitioner mailed 3-copies of his appeals brief to the Baltimore Circuit Court.

4.    April 21, 2000, The Maryland Court of Appeals issued a written Mandate denying the petitioner appeal.

5.    June 26, 2000, The Maryland Court of Appeals issued a order denying petitioner writ of certiorari.

6.    November 24, 2000, Petitioner placed 3-copies of a application pursuant to 28 U.S.C. § 2254; along with 3-copies of a application requesting that In Forma Pauperis filing status be granted, in the inmate legal mail box for mailing.

7.    December 4, 2000, U.S. District Court Judge Blake issued a order that (1) granted leave to proceed In Forma Pauperis, and (2) that respondents show cause, if any they have, on or before January 26, 2001.

8.    January 22, 2001, the respondents answered raising the the defense that the petitioner was time barred.  See Exhibit 5.

9.    January 25, 2001, petitioner filed 3-copies of a motion entitled 'Response To Respondents Answer To Petition For Writ of Habeas Corpus and Order To Show Cause.

10.    January 29, 2001, petitioner file a supplemental motion to the one filed on January 25, 2001.

11.    February 1, 2001, U.S. District Judge Blake issued a written Memorandum denying petitioner's 28 U.S.C. § 2254 based on it being time barred.  See Exhibit-1.

12.    Feburary 6, 2001, petitioner files 3-copies of a motion entitled 'Motion To Alter or Amend This Court's Memorandum Judgment File February 1, 2001, Pursuant To Civil Rules 52(a) and 59(e).

13.    February 7, 2001, U.S. District Judge Blake issued a order denying the January 29, 2001, supplement motion while at the time same time treating the supplement as a motion for reconsideration.  See Exhbit-2.

14.    February 14, 2001, U.S. District Judge Blake issued a order denying the petitioner's reconsideration motion request that was filed on February 6, 2001.  See Exhibit-3.

15.    February 18, 2001, petitioner filed a notice of appeal with the U.S. District Clerk's office.

16.  February 18, 2001, petitioner file a notice for appeal with the U.S. District Court.

17.  February 18, 2001 petitioner filed a motion for the Issuance of a COA with the U.S. District Court.

18.  February 27, 2001, the U.S. District Court denied petitioner's motion for the issuance of a COA.  See Exhibit-4.

19.  March 12, 2001, petitioner filed Informal Brief with the Fourth Circuit Court of Appeals contesting the denial of his § 2254 based it being untimely filed.  See Exhibit-6.

20.  October 15, 2001, the Fourth Circuit Court of Appeals denied the petitioner a COA.  See Exhibit-7.

21.  October 15, 2001, the Fourth Circuit Court of Appeals issued a copy of its unpublished opinion.  See Exhibit-8.

22.  October 22, 2001, petitioner for filed a motion with the Fourth Circuit Court of Appeals requesting a Rehearing (FRAP 40).  See Exhibit-9.

23.  October 22, 2001, petitioner filed a motion for a Rehearing En Banc (FRAP 35) with the Fourth Circuit Court of Appeals.  See Exhibit-10.

24.  November 2, 2001, petitioner filed a Motion To Hold Decision In Abeyance with the Fourth Circuit Court of Appeals. See Exhibit-11.

25.  November 21, 2001, petitioner's Motion To Hold In Abeyance and Rehearing En Banc were denied by the Fourth Circuit Court of Appeals.  See Exhibit-12.

4

In the instant motion the petitioner's § 2254 was filed on November 24, 2000.  (See Exhibit-1, ¶ 1).  Upon the State of Maryland's motion the District Court dismissed petitioner's habeas petition as barred by AEDPA's statue of limitations 28 U.S.C. § 2244(d). (See Exhibit-1, Pgs. 2 & 3).  The District Court's denial was also based on its narrow interpretation and application of the United States Supreme Court decision <u>Artuz</u>, <u>supra</u>.  (See Exhibits-1-3).

It is uncontested by all parties that from April 24, 1996, that October 7, 1996, that this time period is tolled against petitioner's one-year pursuant to the AEDPA; thus totaling 165 days.  (See Exhibit-1, Pg. 3, f.n. 5).

It is uncontested by all parties that from October 8, 1996,m until April 21, 2000.  The State of Maryland judicial proceedings involved the filing of petitioner's state post-conviction and the issuance on April 21, 2000, by the Maryland Special Court of Appeals its Mandate.  (See Exhibit-1, Pgs. 3 & 4).

It is uncontested that petitioner filed a motion for a writ of certiorari to the Maryland Court of Appeals prior to the Maryland prior to the Maryland Special Court of Appeals issued its Mandate of April 21, 2000.  This motion stayed filed with the Maryland Court of Appeals until June 26, 2000.  (See Exhibit-1, Pg. 2).

It is uncontested that on June 26, 2000, in response to the petitioner's writ of certiorari Chief Judge Robert M. Bell signed a order stating:

Upon consideration of the petition for a writ of certiorari to the Court of Special Appeals, and the supplement filed thereto, in the above entitled case, it is

ORDERED, by the Court of Appeals of Maryland, that the petition and supplement be, and they are hereby, denied as there has been no showing that the review by certiorari is desirable and in the public interest.

Id. at No. 1557, Sept. Term 1999.

What is contested is whether equitable tolling should have been applied to the period of April 21, 2000 to June 26, 2000, the time in which petitioner's writ of certiorari was properly file and pending albeit procedurally barred before the Maryland Court of Appeal?

To the contested issue the Majority on the Gonzalez supra Court held that "On November 7, 2000, we held in Artuz v. Bennett, 531 U.S. 4, that an application for state postconviction relief can be 'properly filed' even if the state court dismiss it as procedurally barred." Id. at Slip Op. 2. It was against the factual back drop that followed: "Upon the State's motion, the District Court dismissed petitioner's habeas petition as barred by AEDPA's statue of limitations, 28 U.S.C. § 2244(d). Under the Eleventh Circuit precedent, petitioner's filing deadline, absent tolling, was April 23, 1997, one year after AEDPA's statue of limitations took effect. Wilcox v. Florida Dept. of Corrections, 158 F.3d 1209, 1211 (CA 11 1998)(per curiam). Adopting a Magistrate Judge's recommendation, the District Court concluded that the limitations period was not tolled during the 163-day period while petitioner''s second motion for state postconviction relief was pending. Section 2244(d)(2) tolls the statute of

6

limitation during the pendency of "properly filed" applications only, and the District Court thought petitioner's motion was not "properly filed" because it was both untimely and successive. Without tolling petitioner's federal habeas petition was two months late, so the District Court dismissed it as time barred. A judge of the Eleventh Circuit denied a certificate of appealability (COA) on April 6, 2000, and petitioner did not file for rehearing or review of that decision." Id. at Slip Op.  2.

The dissenting Justices on the Gonzalez, supra, stated "In this case, the District Court dismissed petitioner's habeas petition as time barred after concluding that his motion for state postconviction relief did not toll AEDPA's statute of limitations.  See 28 U.S.C. § 2244(d).  After that judgment became final, however, we decided Artuz v. Bennett, 531 U.S. 4 (2000), which made clear that the District Court's ruling on tolling was erroneous and that the habeas petition should therefore not been dismissed." Id. at Slip Op. 3 (dissenting).

Based on all of the United States Supreme Court Justices opinions when faced with facts similar those of the petitioner they all agreed that the District Court should have not dismissed the petitioner's habeas petition.

CONCLUSION

WHEREFORE the petitioner request the following relief (1) liberal construction deserving of a pro se litigant; (2) order that the respondents answer; (3) examine the Gonzalez, supra, decision in conjunction with the facts and rulings that were made by this

Court when it made its ruling on the petitioner's original, and supplemental habeas filings when it lead to the decision of his being untimely; (4) make a nunc pro tunc determination that the petitioner's properly filed and pending writ for certiorari although procedurally barred was equitably tolled from April 21, 2000 to June 26, 2000, thus petitioner's habeas is timely.

I declare under the penalty of perjury that the foregone is true and correct based upon the record and petitioner's under standing of the facts.

Respectfully submitted,

Zachary Williams
Fed. Reg. No. 26892-037
P.O. Box 1000
Otisville, NY 10963
Filing Status: Pro Se

8

# CERTIFICATE OF SERVICE

I, Zachary Williams _____ hereby certify that I have served a true and correct

copy of the following:

Motion Pursuant To Federal Rule of Civil Procedure 60(b)(6).

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, *Houston v. Lack*, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

U.S. District Court Clerk          John Joseph Curran, Jr. Esq.
U.S. District Courthouse           Office of the Atty. Gen. of MD
101 W. Lombard St                  200 St. Paul St.
Balto., Md. 21201                  Balto., Md. 21202
(3-Copies)                         (1-Copy)

and deposited same in the United States Postal Mail at the Federal Correctional

Institution located at Otisville, NY on this __11th__, day of

July, 2005 _____ .

                                   *Zachary Williams*
                                   Fed. Reg. No. 26892-037
                                   P.O. Box 1000
                                   Otisville, NY 10963
                                   Pro Se

# EXHIBITS