IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ZACHARY WILLIAMS, #26892037,
        Petitioner        :

    v.        :    CIVIL ACTION NO. CCB-00-3504

FREDERICK MENIFEE and    :
THE ATTORNEY GENERAL OF THE
    STATE OF MARYLAND,    :
        Respondents

## **ORDER**

On February 1, 2001, the undersigned dismissed the above-captioned petition for habeas corpus relief as time-barred. Reconsideration was denied on February 7, 2001, and a second reconsideration request was denied on February 14, 2001. A certificate of appealability was denied on February 26, 2001 (Paper No. 13), and the appeal was dismissed on October 15, 2001.

The case now comes before the court for review of petitioner's Motion Pursuant to Federal Rule of Civil Procedure 60(b)(6). In his third request for reconsideration, petitioner again asks this court to reopen his case and order a response on the merits, arguing that the Supreme Court decision in *Gonzales v. Crosby*, ___ U.S. ____, 125 S.Ct. 2641, 73 USLW 4568 (June 23, 2005) makes clear that his petition is not time-barred.

The recent Supreme Court decision permits a habeas petitioner to proceed under Rule 60(b) when challenging a district court's prior ruling that a petition was time-barred. *Gonzales v. Crosby,* ___ U.S. at ____, 125 S.Ct. at 2648-49. It does not, however, support petitioner's interpretation regarding the one-year limitations period for filing a habeas corpus petition, and does not constitute a reversal of the holding in *Artuz v. Bennett*, 531 U.S. 4 (2000).

In *Artuz*, the Supreme Court held that an application for state collateral review is "properly filed," as required to toll the period for filing in accordance with the AEDPA, when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, even if it contains claims that are procedurally barred. 531 U.S. at 8-11. The Court further noted, however, that:

> [i]f, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction...it will be *pending*, but not *properly filed*."

*Id*. at 9 (emphasis in original).

Simply stated, petitioner's *certiorari* request was not "properly filed" with the Maryland Court of Appeals, and thus petitioner's collateral review petition was not "pending" (and the statute of limitations was not tolled), during the period between April 21, 2000 and June 26, 2000, because the Court of Appeals lacked jurisdiction. His petition is time-barred under Artuz, which is binding on this court, and his motion for reconsideration provides no basis to reopen this case.

Accordingly, IT IS this __27th__ day of __July__, 2005, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Petitioner's Motion Pursuant to Federal Rule of Civil Procedure 60(b)(6)

    IS DENIED.

/s/
Catherine C. Blake
United States District Judge

-2-